**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Sergio Alberto MILLAN–CASTRO,**
**Defendant–Appellant.**

No. 07–10110.

United States Court of Appeals,
Ninth Circuit.

Submitted June 18, 2008.*

Filed July 3, 2008.

Jennifer Jean Maldonado Fax, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter B. Keller, Esq., Keller & Postero, Tucson, AZ, for Defendant–Appellant.

Before: REINHARDT, LEAVY, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Sergio Millan–Castro appeals the 40-month sentence imposed following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326, and possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a). He contends that his below-Guidelines-range sentence was unreasonable and contrary to 18 U.S.C. § 3553(a) because the district court gave undue emphasis to the advisory Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). "All sentencing proceedings are to begin by determining the applicable Guidelines range." *Id.* at 991. "The parties must be given a chance to argue for a sentence they believe is appropriate." *Id.* "The district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *Id.* The Guidelines factor should not "be given more or less weight than any other." *Id.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court followed this procedure. The government asked for a within-range sentence of 64 months, and Millan–Castro asked for a below-range sentence on the basis that his criminal history should be considered as category II rather than III, his prior conviction had a large effect on his Guidelines range, and he had led a productive life since his release from prison. The district court considered these arguments and imposed a sentence below the range for criminal history category II. The record thus shows that the district court properly considered the § 3553(a) factors and did not give undue weight to the Guidelines range of 57 to 71 months. *See id.* We conclude that there was no procedural error and that the sentence was substantively reasonable. *See id.* at 993.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.